[Crim. No. 5610. Second Dist., Div. One. Aug. 20, 1956.]

THE PEOPLE, Respondent, v. DELBERT HOWARD MAYES, Appellant.

Delbert Howard Mayes, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Joan D. Gross, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant was charged by information, with four counts of forgery. Two prior felony convictions were also alleged. Following a jury trial defendant was found guilty on four counts. The two priors were admitted before the trial. The defendant elected to represent himself at the trial. Defendant appeared in propria persona and argued a motion for a new trial, which was denied. Defendant also appears in propria persona on appeal.

It is argued on appeal,

"That the court erred, as a matter of law rather than as a matter of discretion, when it ordered appellant to answer, on cross examination, and over his proper and timely objections, questions propounded by the district attorney, which where without, and beyond, the scope of appellant's examination-in-chief. This being contrary to the Vth & XIVth amendments to the Constitution of the United States as well as contrary to Section 13 of Article I, to the Constitution of the State of California, and contrary to Section 1323 of the California Penal Code."

·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

"The the court erred, as a matter of law rather than as matter of discretion, when it denied appellant's motion that a mistrial be declared, when said motion was properly and timely made and was based upon statutory provisions, (Sec. 1323 Cal.P.C.), which restricts the cross-examination of a defendant to matters to which he has testified during his examination-in-chief."

·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

"That the court erred, as a matter of law rather than as a matter of discretion, when it admitted into evidence, over the proper and timely objections of the appellant, a recording which contained evidence of appellant's guilt to a separate and distinct offense, not a part of the res gestae, the court having been warned, by appellant, that such matters were contained within the said recording.

"This resulted in the appellant being tried on the issue of another crime without any information or charge against him before the jury.

"Such procedure and proceedings violated due process of law guaranteed by the XIVth Amendment to the Constitution of the United States, as well as by Section 13 of Article I, to the Constitution of the State of California."

At the trial defendant relied largely on entrapment as a defense. As pointed out in respondent's brief, however,

"THERE WAS NO ENTRAPMENT OF DEFENDANT BY POLICE OFFICERS.

"It is deemed necessary to present the above proposition by way of contention since throughout the entire trial, appellant claimed his defense was one of entrapment although he has not specifically set it out as one of his grounds for appeal. There is indeed a great need for clarity in appellant's opening brief."

Respondent's answer to appellant's argument on the cross-examination is also supported by the record.

"THE COURT DID NOT ERR IN REQUIRING DEFENDANT TO ANSWER CERTAIN QUESTIONS ON CROSS-EXAMINATION.

"Appellant's lack of knowledge of the basic evidentiary rules of law has caused him to make the above facetious argument on appeal, and generally to confuse the otherwise orderly proceeding of a criminal trial. ▆▆ Granted the California rule governing the scope of cross-examination of a witness is that such is limited to matters brought out on direct testimony. (Code Civ. Proc., § 2048.) However, in the instant case there was no improper cross-examination.

"Appellant's whole defense at the trial was alleged entrapment. He stated this position over and over again."

Appellant's contention that the court erred in denying defendant's motion for a mistrial is without merit. Also the court did not err in allowing the recording to be admitted into evidence.

▆▆ As above noted appellant represented himself at the trial and in that connection, as pointed out by respondent,

"The Court instructed appellant how to ask questions allowing him to get his point before the jury.

"Respondent could set further examples showing how the trial court and counsel for the People extended themselves in appellant's behalf. A reading of the Reporter's Transcript herein will readily indicate appellant was granted a fair and

impartial trial. Respondent points out that appellant has included material in his Opening Brief which is not a matter of record. On page 14 thereof, he sets out reasons for disruption of the presentation of witnesses which is in the nature of extraneous matter.

"It is strongly urged that appellant had more than an ordinary fair and impartial trial in view of all the circumstances of this case."

Respondent's argument is supported by the record.

Judgment affirmed.

Fourt, J., concurred.

White, P. J., concurred in the judgment.

A petition for a rehearing was denied August 29, 1956, and appellant's petition for a hearing by the Supreme Court was denied September 18, 1956.